IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2014 JAN 22 PM 2: 36

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-13-CR-0370-DB |
| | § | |
| Plaintiff, | § | **SUPERSEDING** |
| | § | **INDICTMENT** |
| v. | § | |
| | § | CTS 1-3: 18 U.S.C. § 1343 [Wire Fraud] |
| MARCO ANTONIO DELGADO, | § | CTS 4-10: 18 U.S.C. § 1956(a)(2)(B)(i) |
| a.k.a. Marco Delgado Licon, | § | [Laundering of Monetary Instruments] |
| | § | CTS 11-19: 18 U.S.C. § 1957 [Engaging in |
| Defendant. | § | Monetary Transactions in Property Derived |
| | § | from Specified Unlawful Activity] |
| | § | |
| | § | **Notice of Government's Demand for** |
| | § | **Forfeiture** |

**THE GRAND JURY CHARGES:**

COUNT ONE
(18 U.S.C. § 1343 - Wire Fraud)

INTRODUCTION

At all times relevant to this Indictment:

1. The defendant, **MARCO ANTONIO DELGADO**, was an attorney licensed in the State of Texas.

2. On or about April 3, 2009, FGG Enterprises, LLC (hereinafter referred to as FGG) was incorporated as a limited liability company organized under the laws of the State of Nevada. The Articles of Incorporation identify F.J.G. as the sole owner and managing member of FGG.

3. In 2009, the *Comision Federal de Electricidad* (CFE), a Mexican state-owned utility company, announced a solicitation for bids for project No. 18164067-012-9 (hereinafter referred to as the Agua Prieta II Project) for the acquisition of power generating

equipment and for the provision of long-term maintenance services of said equipment to be installed at the Agua Prieta II power plant located in Agua Prieta, Sonora, Mexico.

4. In October of 2009, the defendant, **MARCO ANTONIO DELGADO**, on behalf of and as the legal representative of FGG, submitted a bid to CFE to provide the equipment and services for the Agua Prieta II Project.

5. In January of 2010, the Agua Prieta II Project contract was awarded to FGG and was signed by the defendant, **MARCO ANTONIO DELGADO**, as the legal representative of FGG; by a representative of CFE; and by a representative of *Banco Nacional de Comercio Exterior*, as the fiduciary of a trust for the administration of expenses. The amount of the contract was one hundred and twenty-one million dollars ($121,000,000). Pursuant to the contract, the payments from CFE to FGG were to be deposited into an FGG bank account located at a branch of Wells Fargo Bank in El Paso, Texas.

6. On or about March 3, 2010, the defendant, **MARCO ANTONIO DELGADO**, as a representative of FGG, sent a letter to CFE in which he directed a change of the location for the deposit of payments to FGG by instructing CFE to make the deposits to a bank account located in the Turks and Caicos Islands instead of the FGG Wells Fargo Bank account as stipulated in the contract for the Agua Prieta II Project.

**THE SCHEME AND ARTIFICE TO DEFRAUD**

It was part of the scheme and artifice to defraud that:

1. on or about September 16, 2009, the defendant, **MARCO ANTONIO DELGADO**, doing business as the law firm Delgado & Associates, P.C. (D&A), entered into an agreement with FGG, entitled "Memorandum of Understanding," which acknowledged that D&A had assisted FGG in procuring the right to bid for the award of a contract with CFE to provide power

generating equipment and maintenance for the equipment for the Agua Prieta II Project, and stipulated that, should FGG be awarded the contract, D&A would be compensated for its involvement;

2. pursuant to the Memorandum of Understanding, the defendant, **MARCO ANTONIO DELGADO**, agreed, in part, to prepare and submit the bid to CFE on behalf of FGG; in exchange, the defendant, **MARCO ANTONIO DELGADO**, was to be paid 62.5 percent of the difference between the purchase price to FGG of all of the equipment, transportation and field services required to satisfy the bid requirements, and the amount for which the equipment was ultimately sold to CFE, plus other expenses;

3. in the Memorandum of Understanding, the defendant, **MARCO ANTONIO DELGADO**, and FGG agreed that the estimated sales price of the equipment to CFE would be one hundred and twenty-seven million dollars ($127,000,000); that the current negotiated purchase price for the equipment was one hundred and five million dollars ($105,000,000), that the price for the field services was four million, two hundred thousand dollars ($4,200,000), and that the cost of transportation was undetermined;

4. in or about October 2009, the defendant, **MARCO ANTONIO DELGADO**, as a representative of FGG, submitted the bid for the Agua Prieta II Project, which offered the cost of the equipment at one hundred and twenty-one million dollars ($121,000,000) and the cost of services and maintenance at one hundred and twenty-one million, one hundred and seven thousand dollars ($121,107,000); as part of the bid, FGG represented that if CFE were to award the contract to FGG, FGG would obtain letters of credit in the amount of twenty million dollars ($20,000,000), to guarantee FGG's fulfillment of its obligations under the Agua Prieta II Project contract;

5. on or about November 19, 2009, CFE awarded the Agua Prieta II Project contract to FGG; the power generating equipment to be sold, through FGG to CFE, was comprised of two natural gas turbogenerators and one steam turbogenerator, both owned and warehoused by Mitsubishi Power Systems America, Inc. (MPSA);

6. on or about March 3, 2010, the defendant, **MARCO ANTONIO DELGADO**, without the knowledge and consent of F.J.G., the sole owner and managing member of FGG, delivered to CFE written instructions re-directing the deposit of payments to be made to FGG by CFE for the Agua Prieta II Project into an account at the FirstCaribbean International Bank in the Turks and Caicos Islands, which account was under the control of the defendant, **MARCO ANTONIO DELGADO**, instead of the FGG Wells Fargo account stipulated in the contract between FGG and CFE for the Agua Prieta II Project, which account was under the control of F.J.G.;

7. the defendant, **MARCO ANTONIO DELGADO**, lied to F.J.G. concerning the change in location for the deposits from CFE by claiming that CFE made the decision to change the bank account to a bank in the Turks and Caicos Islands instead of the FGG bank account in El Paso, Texas;

8. the defendant, **MARCO ANTONIO DELGADO**, intended to use and did use the money that had been fraudulently deposited into the FirstCaribbean International Bank account in the Turks and Caicos Islands, which account was controlled by defendant, **MARCO ANTONIO DELGADO**, for his personal enrichment;

9. in order to transfer some of the funds from the FirstCaribbean International Bank account to himself, the defendant, **MARCO ANTONIO DELGADO**, caused his accountant to open a new bank account in El Paso, Texas in his/her name, rather than in the defendant's name;

10.     on or about January 10, 2010, the defendant, **MARCO ANTONIO DELGADO**, wrote and transmitted a fraudulent and fictitious letter to CFE, which letter the defendant purported to be from an MPSA Vice President of New Projects, to F.J.G., as president of FGG, and in which the defendant falsely reported that MPSA had reviewed the "desirability of pledging its equipment instead of posting an LC (letter of credit) as discussed;" and the defendant apparently forged the signature and letterhead of said MPSA official, when the defendant, **MARCO ANTONIO DELGADO**, knew that on December 28, 2009, MPSA sent a letter to FGG, expressly prohibiting FGG from using MPSA-owned equipment as collateral to fulfill FGG's obligation to provide letters of credit to CFE;

11.     despite the fact that MPSA told FGG and the defendant, **MARCO ANTONIO DELGADO,** that is was "unacceptable" to use the MPSA equipment as collateral, and despite the fact that FGG contractually agreed to provide letters of credit to CFE, the defendant, **MARCO ANTONIO DELGADO**, did, in fact, pledge the MPSA equipment as collateral, to fulfill that term of the FGG contract with CFE, so that CFE would begin to transfer funds to FGG pursuant to the defendant's new instructions for the routing of the funds;

12.     to facilitate the success of the CFE contract with FGG, the defendant, **MARCO ANTONIO DELGADO**, never informed MPSA that he had pledged their equipment as collateral.

## THE WIRE FRAUD

Beginning on or about April 1, 2009 and continuing to and including to on or about November 12, 2012, in the Western District of Texas, the Republic of Mexico, the Turks and Caicos Islands and elsewhere, the Defendant,

**MARCO ANTONIO DELGADO**
a.k.a. Marco Delgado Licon,

5

devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises; and, for the purpose of executing and attempting to execute the scheme and artifice to defraud and to obtain money and property, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds; to wit: on March 8, 2010, the defendant caused to be sent a wire transfer of funds in the amount of approximately twenty million dollars ($20,000,000) from a bank account in the Republic of Mexico to a bank in the Turks and Caicos Islands, in violation of Title 18, United States Code, Section 1343.

**COUNT TWO**
**(18 U.S.C. § 1343 - Wire Fraud)**

The Introduction and Scheme and Artifice to Defraud recited in Count One of this Indictment are incorporated by reference in their entirety as if fully set forth herein.

Beginning on or about April 1, 2009 and continuing to and including to on or about November 12, 2012, in the Western District of Texas, the Republic of Mexico, the Turks and Caicos Islands and elsewhere, the defendant,

**MARCO ANTONIO DELGADO**
**a.k.a. Marco Delgado Licon,**

devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises; and, for the purpose of executing and attempting to execute the scheme and artifice to defraud and to obtain money and property, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals,

pictures and sounds; to wit: on July 6, 2010, the defendant caused to be sent a wire transfer of funds in the amount of approximately twelve million dollars ($12,000,000) from a bank account in the Republic of Mexico to a bank in the Turks and Caicos Islands, in violation of Title 18, United States Code, Section 1343.

## COUNT THREE
### (18 U.S.C. § 1343 - Wire Fraud)

The Introduction and Scheme and Artifice to Defraud recited in Count One of this Indictment are incorporated by reference in their entirety as if fully set forth herein.

Beginning on or about April 1, 2009 and continuing to and including to on or about November 12, 2012, in the Western District of Texas, the Republic of Mexico, the Turks and Caicos Islands and elsewhere, the defendant,

**MARCO ANTONIO DELGADO**
**a.k.a. Marco Delgado Licon**,

devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises; and, for the purpose of executing and attempting to execute the scheme and artifice to defraud and to obtain money and property, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds; to wit: on February 11, 2010, the defendant, **MARCO ANTONIO DELGADO**, transmitted and caused to be transmitted an email containing a letter from F.J.G., as president of FGG, to an MPSA Vice President of New Projects, stating that "MPSA will not will be responsible for any Letter of Credit," despite the fact that the defendant had already caused

MPSA's equipment to be pledged as collateral in order to fulfill FGG's obligation to provide letters of credit to CFE, in violation of Title 18, United States Code, Section 1343.

## COUNTS FOUR THROUGH TEN
### (18 U.S.C. § 1956(a)(2)(B)(i) - Laundering of Monetary Instruments)

The Introduction and Scheme and Artifice to Defraud recited in Count One of this Indictment are incorporated by reference in their entirety as if fully set forth herein.

On or about the dates set forth below, in the Western District of Texas, the Turks and Caicos Islands and elsewhere, the Defendant,

**MARCO ANTONIO DELGADO**
**a.k.a. Marco Delgado Licon**,

did transmit and transfer and attempt to transmit and transfer monetary instruments and funds to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, Title 18, United States Code, Section 1343 (Wire Fraud):

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| FOUR | October 26, 2010 | Transmission and transfer of approximately $150,000.00 from an account in the Turks and Caicos Islands to an account in El Paso, Texas |
| FIVE | December 15, 2010 | Transmission and transfer of approximately $100,000.00 from an account in the Turks and Caicos Islands to an account in El Paso, Texas |
| SIX | February 1, 2011 | Transmission and transfer of approximately $70,000.00 from an account in the Turks and Caicos Islands to an account in El Paso, Texas |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| SEVEN | February 23, 2011 | Transmission and transfer of approximately $150,000.00 from an account in the Turks and Caicos Islands to an account in El Paso, Texas |
| EIGHT | April 7, 2011 | Transmission and transfer of approximately $75,000.00 from an account in the Turks and Caicos Islands to an account in El Paso, Texas |
| NINE | May 25, 2011 | Transmission and transfer of approximately $50,000.00 from an account in the Turks and Caicos Islands to an account in El Paso, Texas |
| TEN | June 27, 2011 | Transmission and transfer of approximately $50,000.00 from an account in the Turks and Caicos Islands to an account in El Paso, Texas, |

all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## COUNTS ELEVEN THROUGH NINETEEN
### (18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

The Introduction and Scheme and Artifice to Defraud recited in Count One of this Indictment are incorporated by reference in their entirety as if fully set forth herein.

On or about the dates set forth below, in the Western District of Texas, the District of New Mexico, the Turks and Caicos Islands and elsewhere, the Defendant,

### MARCO ANTONIO DELGADO
### a.k.a. Marco Delgado Licon,

did knowingly engage and attempt to engage in the following monetary transactions, in and affecting interstate and foreign commerce, by and through and to a financial institution, in criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of funds and monetary instruments, such property having been derived from specified unlawful activity, to wit, Title 18, United States Code, Section 1343 (Wire Fraud):

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| ELEVEN | May 19, 2010 | Transfer of approximately $375,000.00 from an account in the Turks and Caicos Islands to a Wells Fargo account in the United States |
| TWELVE | July 14, 2010 | Transfer of approximately $200,000.00 from an account in the Turks and Caicos Islands to a Mellon Bank account in the United States |
| THIRTEEN | August 6, 2010 | Transfer of approximately $70,000.00 from an account in the Turks and Caicos Islands to a Bank of the West account in the United States |
| FOURTEEN | December 10, 2010 | Transfer of approximately $200,000.00 from an account in the Turks and Caicos Islands to a Bank of the West account in the United States |
| FIFTEEN | March 17, 2011 | Transfer of approximately $152,000.00 from an account in the Turks and Caicos Islands to a Centinel Bank of Taos account in the United States |
| SIXTEEN | June 2, 2011 | Transfer of approximately $40,000.00 from an account in the Turks and Caicos Islands to a Bank of the West account in the United States |
| SEVENTEEN | January 5, 2012 | Transfer of approximately $59,151.27 from an account in the Turks and Caicos Islands to a Compass Bank account in the United States |
| EIGHTEEN | March 30, 2012 | Transfer of approximately $46,655.00 from an account in the Turks and Caicos Islands to a WestStar Bank account in the United States |
| NINETEEN | September 27, 2012 | Transfer of approximately $150,000.00 from an account in the Turks and Caicos Islands to a Wells Fargo account in El Paso, Texas, |

all in violation of Title 18, United States Code, Section 1957.

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE

1. Upon conviction of one or more of the fraud offenses set forth in Counts One through Three of this Indictment, the Defendant,

**MARCO ANTONIO DELGADO**
**a.k.a. Marco Delgado Licon,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the offenses, including but not limited to the following:

    a.    a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses set forth in Counts One, Two, and Three;

    b.    approximately $2,589,889 in funds on deposit in the FirstCaribbean International Bank Account, number 10286872, and any and all property traceable thereto;

    c.    real property and appurtenances located at 1109 Cerrito Feliz Lane, El Paso, Texas, 79912, with all improvements and attachments thereon, and any and all property traceable thereto;

    d.    all furniture, furnishings, and other properties located at 1109 Cerrito Feliz Lane, El Paso, Texas, that were purchased by Marco Delgado at Charlotte's Fine Furnishings, using funds from the FirstCaribbean International Bank Account, number 10286872;

    e.    33 Firehouse Road, Apt. No. 19 in Building "C" of The Kandahar Condominium Project, Taos Ski Valley, New Mexico, 87525;

    f.    one 2011 Chevrolet Suburban, bearing Vehicle Identification Number ("VIN") 1GNSKJE3XBR145421;

    g.    one 2012 Land Rover, Range Rover Evoque, bearing VIN SALVV2BG8CH625029; and

    h.    one 2010 Jeep Wrangler, bearing VIN 1J4BA6H17AL178181.

2.    Upon conviction of one or more of the money laundering offenses alleged in Counts Four through Nineteen of this Indictment, the Defendant,

**MARCO ANTONIO DELGADO**
**a.k.a. Marco Delgado Licon,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in such offenses, and any property traceable to such property, including but not limited to the following property:

    a.    a sum of money in United States currency representing the amount of property involved in the offenses set forth in Counts Four through Nineteen;

b. approximately $2,589,889 in funds on deposit in the FirstCaribbean International Bank Account, number 10286872, and any and all property traceable thereto;

c. real property and appurtenances located at 1109 Cerrito Feliz Lane, El Paso, Texas, 79912, with all improvements and attachments thereon, and any and all property traceable thereto;

d. all furniture, furnishings, and other properties located at 1109 Cerrito Feliz Lane, El Paso, Texas, that were purchased by Marco Delgado at Charlotte's Fine Furnishings, using funds from FirstCaribbean International Bank Account, number 10286872;

e. 33 Firehouse Road, Apt. No. 19 in Building "C" of The Kandahar Condominium Project, Taos Ski Valley, New Mexico, 87525;

f. one 2011 Chevrolet Suburban, bearing VIN 1GNSKJE3XBR145421;

g. one 2012 Land Rover, Range Rover Evoque, bearing VIN SALVV2BG8CH625029; and

h. one 2010 Jeep Wrangler, bearing VIN 1J4BA6H17AL178181.

### Substitute Assets Provision

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture, pursuant to 21 U.S.C. § 853(p), of any other property of said defendant up to the value of the above-described forfeitable property.

A TRUE ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____
FOREPERSON OF THE GRAND JURY

ROBERT PITMAN
UNITED STATES ATTORNEY

*[signature]*
Assistant United States Attorney