1                    UNITED STATES DISTRICT COURT

2                  FOR THE WESTERN DISTRICT OF TEXAS

3                       U.S. MAGISTRATE JUDGE

4                          EL PASO DIVISION

5     UNITED STATES OF AMERICA )No. EP:13-CR-370(1)DCG

6     vs.                      )El Paso, Texas

7     MARCO ANTONIO DELGADO     )
                                )January 6, 2014
8     _____

9

10                    ATTORNEY APPOINTMENT HEARING

11                Before the Honorable Miguel A. Torres

12
      A P P E A R A N C E S:
13    ----------------------
      FOR THE GOVERNMENT:
14    MS. ANNA ARREOLA
      -----------------------
15    Assistant United States Attorney
      700 E. San Antonio Avenue, Suite 200
16    El Paso, Texas 79901

17
      FOR DEFENDANT:
18    MR. RICHARD D. ESPER
      --------------------------
19    801 N. El Paso Street, Suite 225
20    El Paso, Texas 79902

21    MR. RAY VELARDE
      --------------------------
22    1216 Montana
      El Paso, Texas 79902
23

24        Proceedings reported by stenotype.  Transcript produced by

25    computer-aided transcription.

```
 1              THE COURT:  The Court calls the following case for an
 2    attorney matter, EP:13-CR-370-DB, The United States of America
 3    versus Marco Antonio Delgado.
 4         May I have announcements, please.
 5              MS. ARREOLA:  Anna Arreola for the Government.
 6              THE COURT:  Good morning.
 7              MR. ESPER:  Good morning, Judge Torres.  Richard Esper
 8    [inaudible].
 9              THE COURT:  Good morning.  Sir, go ahead and stand up
10    and bring him forward, please.
11         Good morning, Mr. Delgado.  We are here -- on January 3rd,
12    this Court received an order of referral from the
13    District Court indicating the matters referred to us to
14    determine your eligibility for appointment of counsel, and my
15    understanding is that, Mr. Velarde and Mr. Esper, you filed
16    motions to withdraw which were denied, but in your motions you
17    referred to the Court that you would like to continue as
18    counsel if you were appointed; is that correct?
19              MR. ESPER:  That is correct.
20              THE COURT:  Mr. Velarde?
21              MR. VELARDE:  That's correct.
22              THE COURT:  Mr. Delgado, let me ask you, is that your
23    wish also to continue with these two gentlemen as counsel?
24              THE DEFENDANT:  It is.
25              THE COURT:  Now, in order to determine your
```

1 eligibility for appointment of counsel, Mr. Esper and

2 Mr. Velarde, do you have any problem if I place your client

3 under oath?

4    MR. ESPER:  No.

5    THE COURT:  Mr. Velarde?

6    MR. VELARDE:  No.

7    THE COURT:  Mr. Delgado, please raise your right hand.

8 I understand.  Just do you swear to tell the truth, the whole

9 truth, and nothing but the truth so help you God?

10    THE DEFENDANT:  I do, Your Honor.

11    THE COURT:  Now, here is the information I have.  You

12 filed a financial affidavit previously last April where you

13 indicated that although you have a primary and secondary

14 residence and you listed three vehicles as property, I also

15 note the affidavit, or at least what I have printed out, you

16 also indicate that you have consolidated debt of about

17 1.2 million dollars; is that correct?

18    THE DEFENDANT:  That's correct.

19    THE COURT:  In other words, you're in the red?

20    THE DEFENDANT:  Correct.

21    THE COURT:  You don't have any -- do you have any

22 assets in the United States?

23    THE DEFENDANT:  I do, Your Honor.

24    THE COURT:  You do have assets?

25    THE DEFENDANT:  Yes.

1          THE COURT:  Do you have equity in the assets?

2          THE DEFENDANT:  I do not.  They are pretty much the

3     two properties that you mentioned.

4          THE COURT:  The two properties, there is a primary

5     residence listed that is worth $400,000.  What is the address

6     on that residence, sir?

7          THE DEFENDANT: 1109 Cerrito Feliz.

8          THE COURT:  The secondary address you list is worth

9     140,000?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  What is that address?

12          THE DEFENDANT:  Fire [inaudible] Road.

13          THE COURT:  You are not certain?

14          THE DEFENDANT:  No.

15          THE COURT:  Counsel, do you know?

16          MR. VELARDE:  The property is located in

17     Taos, New Mexico, Your Honor. It consists of a condo, the

18     Kandahar Condominium Complex.

19          MR. ESPER:  Those properties are part of the

20     [inaudible].

21          THE COURT:  Okay, I was about to ask that, thank you.

22       Mr. Delgado, those are the only two properties?  When I ask

23     you whether you have any properties, those are really the only

24     two we are talking about.  Is there anything else?

25          THE DEFENDANT:  No, Your Honor.

1          THE COURT:  These three vehicles with the total

2   aggregate value of $80,000, what happened with those vehicles?

3   Are those part of the Government's --

4          MR. ESPER:  They are, Your Honor.

5          THE COURT:  Forfeiture allegation?

6          MR. ESPER:  Yes, sir.

7          THE COURT:  Alright.  And any other assets, any bank

8   accounts or anything like that?

9          THE DEFENDANT:  There is maybe a retirement account of

10  approximately $10,000.

11          THE COURT:  What is the status of that vis-a-vis the

12  Government's forfeiture allegations?

13          MS. ARREOLA:  There is no forfeiture action against

14  that account, Your Honor.

15          THE COURT:  Who is the account held with?

16          THE DEFENDANT:  I have to look at the paperwork,

17  Your Honor.

18          THE COURT:  You say it has a value of $10,000?

19          THE DEFENDANT:  It had prior to my arrest.  Since

20  then, I haven't been able to see where it is at.

21          THE COURT:  Other than this retirement account worth

22  approximately $10,000, is there anything else, any other bank

23  accounts, any other assets anywhere?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  And in the information I have is that is

1    in one column.

2        In terms of debt, do you still claim you have about

3    1.2 million dollars worth of debt?

4            THE DEFENDANT:  Actually, it is more than that,

5    Your Honor.

6            THE COURT:  You don't have access to any other funds?

7            THE DEFENDANT:  I do not.

8            THE COURT:  I have here -- there's $740,000 divorce

9    settlement.  That was your divorce settlement.  Is that what

10   you owe?  Is that how much it was?  Can you elaborate on that?

11           THE DEFENDANT:  That's what is owed, correct.

12           THE COURT:  That's owed?

13           THE DEFENDANT:  Uh-hum.

14           THE COURT:  Any information that the Government would

15   like to add, Ms. Arreola?

16           MS. ARREOLA:  Just some clarification as to accounts,

17   Your Honor.  There is an account in the Turks and Caicos that

18   the Government contends is controlled by Mr. Delgado.  It is

19   held with the law firm of Skippings & Rutley that the

20   Government has initiated civil and criminal forfeiture against

21   the funds held on Mr. Delgado's behalf; a little over $2

22   million.

23           THE COURT:  Okay.  What is the Government's position?

24   He has access to this, he does not have access to that given it

25   is subject to forfeiture right now?

1          MS. ARREOLA:  It is an account he controlled, but the

2     Government through the MLAT process has restrained that

3     account.

4          THE COURT:  Through the what process?

5          MS. ARREOLA:  Mutual Legal Assistance Treaty

6     restraining order issued here in the United States and through

7     the main justice and the treaty that exists with the UK.  That

8     account has now been restrained.

9          THE COURT:  Turks & Caicos is part of the

10    Commonwealth?

11         MS. ARREOLA:  Yes, Your Honor.

12         THE COURT:  Basically, it is a frozen asset based on

13    the request made by the US Government through this MLAT treaty?

14         MS. ARREOLA:  Well said, Your Honor.  Yes, Your Honor.

15    Better stated than I have.

16         THE COURT:  Okay, here is what I am going to do.

17    Mr. Delgado, I will note also for the record that you are set

18    for trial in February on this charge we called today.  I am

19    going to appoint you Mr. Ray Velarde and Richard Esper as your

20    appointed counsel.

21        Although it appears to the Court that you have no assets,

22    the Court is making the finding you qualify for appointed

23    counsel based on the fact it appears you have no assets in

24    which to respond with for purposes of legal fees and that you

25    have no access to any accounts or any assets anywhere to pay

1   for legal fees.  That's the basis for my finding that you

2   qualify for appointed counsel.

3       However, the Court will note that -- my understanding of

4   the information it has before it is that there are accounts,

5   foreign accounts, and other things that are at issue here.  I'm

6   basing my finding on the information I have in front of me

7   right now, but given some measure of uncertainty that I have

8   about what precisely is out there, and there may be complicated

9   assets in different places.

10      There is this retirement account which is the first I heard

11  of, and although it is an account for $10,000, which may not be

12  subject to the Government's forfeiture allegation, I don't know

13  that it is money that is readily accessible to you, Number 1,

14  and Number 2; I don't know it would be enough to cover -- if I

15  forced you to go and hire an attorney, I don't know, and I

16  really don't think it would be a sufficient amount of money to

17  hire you attorneys on a case of this nature.

18      What I am going to do, however, is I am going to ask the

19  attorneys to keep track of their time.  What I am going to

20  order is that -- well, I will ask them to keep track of their

21  time because if there are -- if you have access, Mr. Delgado,

22  at the conclusion of this case, regardless of what the

23  conclusion is, if the District Court finds you have the assets

24  or monies in which to reimburse the courts for the cost of your

25  defense, I will leave that to the District Court.

1    In other words, it is -- that will remain an open question

2    at that time.  If the Court at that time says I think there is

3    money where he can reimburse the courts for the cost of

4    Mr. Velarde and Mr. Esper representing him, the Court can make

5    that determination at that time.

6    I do find based on the information I have in front of me

7    that you do qualify for appointed counsel, and I am appointing

8    Mr. Velarde and Mr. Esper given they represented you previously

9    and are familiar with your case.

10    Anything else from the Government?

11         MS. ARREOLA:  No, Your Honor.

12         THE COURT:  Mr. Esper?

13         MR. ESPER:  Nothing, Your Honor.

14         THE COURT:  Mr. Velarde?

15         MR. VELARDE:  No, Your Honor.

16         THE COURT:  Mr. Delgado, anything else, sir?

17         THE DEFENDANT:  Thank you, Your Honor.

18         THE COURT:  Any questions before we conclude this

19    hearing?

20         THE DEFENDANT:  No, Your Honor.

21         THE COURT:  Very well, we are in recess.

22

23                         * * * * *

24

25

1

CERTIFICATION

2

3       I certify that the foregoing is a correct transcript from

4   the record of proceedings in the above-entitled matter.   I

5   further certify that the transcript fees and format comply with

6   those prescribed by the Court and the Judicial Conference of

7   the United States.

8

9   Date:   November 29th, 2017

10                                      /s/ Walter A. Chiriboga, Jr.

11                                      Walter A. Chiriboga, Jr.

12

13

14

15

16

17

18

19

20

21

22

23

24

25