```
           IN THE UNITED STATES DISTRICT COURT

               WESTERN DISTRICT OF TEXAS

                    EL PASO DIVISION

                    VOLUME 3 OF 20


UNITED STATES OF AMERICA           EP:13-CR-0370-DCG

v.                                 EL PASO, TEXAS

MARCO ANTONIO DELGADO              February 11, 2016


                   STATUS CONFERENCE
            THE HONORABLE DAVID C. GUADERRAMA
               UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:   Debra Kanof
                      Anna Arreola
                      Assistant United States Attorney
                      700 East San Antonio, Suite 200
                      El Paso, Texas 79901

For the Defendant:    Maureen Franco
                      Assistant Federal Public Defender
                      700 E. San Antonio, Suite 410
                      El Paso, Texas  79901

Court Reporter:       Kathleen A. Supnet
                      El Paso, Texas
                      (915)834-0573
                      kathi.supnet5303@gmail.com



       Proceedings reported by mechanical stenography,
transcript produced by computer-aided software and computer.
```

CHRONOLOGICAL INDEX

Volume 3 of 20

FEBRUARY 11, 2016                                          Page  Vol.

Announcements. . . . . . . . . . . . . . . . . . . .  3     3

Status Conference. . . . . . . . . . . . . . . . . .  3     3

Certification Page . . . . . . . . . . . . . . . . . 16     3

```
1                  (Open court.)
2                  (Defendant not present.)
3            COURTROOM DEPUTY DUENAS:  EP:12-CR-2106, EP:13-CR-370
4    Marco Antonio Delgado.
5            MS. KANOF:  Good afternoon, Your Honor.  Debra Kanof
6    and Anna Arreola for the United States.
7            THE COURT:  Good afternoon, Ms. Kanof.
8            MS. FRANCO:  Good afternoon, Your Honor.  Maureen
9    Franco for Mr. Delgado.
10           THE COURT:  Good afternoon, Ms. Franco.
11           All right.  We're here to take up some preliminary
12   matters on this case pursuant to the government's motion.
13   First is the issue of competency.
14           Now, was there a competency actually held by a court
15   appointed doctor of Mr. Delgado sometime in the past on the
16   other case?
17           MS. FRANCO:  In the prior case, I believe so, Your
18   Honor, but in this instance we retained -- our own.
19           THE COURT:  Your own.
20           MS. FRANCO:  -- our own.
21           THE COURT:  Okay.  And so do we need to have a hearing
22   on that?
23           MS. FRANCO:  No, sir.
24           THE COURT:  Okay.  So he's competent.
25           MS. FRANCO:  Yes, sir.
```

1       THE COURT: Now, Ms. Kanof, has the Government made an
2  offer to the defendant or to defendant's counsel?
3       MS. KANOF: Yes, Your Honor, we have. The most recent
4  offer was made by letter on September 9th of 2015. We did have
5  a deadline to that offer, but I have spoken since with
6  co-counsel Erik Hanshew and then again a few minutes ago with
7  the Public Defender Ms. Franco, to say that that is still a
8  pending offer should the defendant avail himself of it, but
9  they've both indicated to me he's not interested. We asked if
10 he had a counter offer and he does not. I would like it put it
11 in the record, if I may, Your Honor.
12      THE COURT: Yes, ma'am.
13      MS. KANOF: The offer that the Government made on
14 September 9th, that if the defendant today would like it avail
15 himself of it, was combining both cases, because in May of
16 2015, the district was remanded to resentencing the initial
17 case, the EP:12-CR-2106 case, based on two issues that had to
18 do with abusive issues of trust, and then abusive issues of
19 trust determination affected the role of the defendant for
20 leader and/or manager. To resolve those two issues, the Court
21 remanded it for the court to -- the trial court to make
22 findings.
23      So, since he needs to be resentenced on that case, we
24 capitalized on the opportunity to try to package the deal
25 together.

Case 3:13-cr-00370-DCG   Document 327   Filed 09/10/18   Page 5 of 16

5

1    So the offer was an agreement that the sentences in
2    both cases, first of all, would run concurrent.  The second
3    part of the offer was an agreement that the sentence in
4    EP:12-CR-2106, which used to be D.B., carrying Judge Briones'
5    initials, but will now will carry this Court's initials D.C.G.,
6    would be ten years, and an agreement that's been -- and that
7    is -- and I think it's important to put it on the record, Your
8    Honor, it's a huge departure from the recommendation on the
9    part of the P.S.R.  The P.S.R. figures currently, subsequent to
10   the Fifth Circuit's ruling, that the defendant faces 235 months
11   to 240 months, which is 19 and a half years to 20 years.  So
12   this is half the time that he would basically face on that
13   sentencing, to run concurrent with EP:13-CR-370-D.B, with the
14   same offer of ten years.  So it would be a total concurrent
15   10-year -- one 10-year period of time that the agreement would
16   be a binding agreement.  We got permission from the U.S.
17   Attorney's offer of 11(c)1(C), and that that agreement would
18   be -- that the defendant, a recitation in the plea agreement,
19   would be that that would be the entire agreement, and that the
20   Court could -- I mean, the defendant, of course -- if the Court
21   did not follow the recommendation of the Government, would
22   withdraw the ten-year offer, and it did not however include any
23   forfeiture provisions.  The Government would require the
24   defendant -- we seize quite a bit of money and the defendant's
25   home and some other things, and the defendant would be required

1  to forfeit all of his rights, title and interest in a money
2  judgment in the properties listed in the superseding
3  indictment.  So we did not negotiate a way or right to the
4  property and the money.
5          THE COURT:  All right.
6          Ms. Franco, is this your understanding of the plea
7  agreement as it was made by the government to you earlier?
8          MS. FRANCO:  Yes, Your Honor.  The sticking --
9  stickling point or stickler for Mr. Delgado is that he's
10 received, and of course we have shown him copies of the letter
11 with regard to what the government would be willing to do, but
12 he hasn't actually seen a plea agreement with the terms of
13 factual bases all lined out, so that it would be something that
14 he could be in agreement with.  That's what he's explaining.
15         The other thing is, is that if forfeiture was just to
16 the assets that they had seized or if there was going to be a
17 money judgment in he can excess of what was seized, that was
18 also a sticking point between the parties.  But that was -- we
19 thought that that offer was off the table.  So I've
20 recommunicated that to him and right before court, and he's
21 still saying he would like to see, you know, an actual
22 agreement as opposed to a letter from the government saying
23 what they're going to do.
24         THE COURT:  Ms. Kanof, on the issue of forfeiture, is
25 there any comfort that you could give Ms. Franco about whether

1   or not the government is going to attempt forfeiture beyond
2   those items which have already been seized, to just get a money
3   judgement of --
4               MS. KANOF:  If Ms. Arreola --
5               THE COURT:  Oh, sure.
6               MS. KANOF:  -- can she is respond.
7               THE COURT:  I'm sorry.
8               Yes, of course, Ms. Arreola.
9               MS. KANOF:  -- proffer to the Court.
10              THE COURT:  Yes, ma'am.
11              Good afternoon, Ms. Arreola.
12              MS. ARREOLA:  Good afternoon, Judge.  We actually
13  hadn't received that --
14              COURT REPORTER:  Could you use the microphone,
15  Ms. Arreola?
16              MS. ARREOLA:  Yes, ma'am.
17              I don't recall us asking that question regarding the
18  for forfeiture in the money judgment, and it's certainly
19  something I would have to run up the chain through San Antonio
20  where chief sits.  But it's something I'm happy to run off the
21  chain.
22              As Ms. Kanof indicted, we'll put the plea agreement
23  back on the table and that's something we can address off the
24  record.
25              THE COURT:  What about his concern that the factual

1    basis, everything be set out in a written document that he can
2    then hold in his hand and look at and where he can study it?
3              MS. KANOF:  Actually, Your Honor, a long time ago,
4    several years ago we did that.  We were absolutely close to a
5    plea on the first case, give him a plea agreement because he
6    made the same demand, gave him a factual basis and he rejected
7    it at the last minute and he made the same demand.
8              That being said, I actually have a plea agreement
9    drafted consistent with these terms, and both with the factual
10   basis which I had planned, because I assumed perhaps that he
11   would avail himself to this, so I don't think we have any
12   objection to giving that to him expeditiously to look at, if
13   that's going to make some kind of difference to him if seeing
14   it in actual writing -- I will not sign it until he signs it --
15   if he is interested.
16             When I talked to Mr. Hanshew, and I guess it was about
17   two weeks ago, he didn't make this request of me, as we would
18   not be unprepared here today if he had.  But --
19             THE COURT:  Sometimes coming to court puts people in
20   the right mood.
21             MS. KANOF:  Yeah.  Well, hopefully, Your Honor,
22   because, you know, ten years instead of 18-and-a-half years is
23   a pretty big offer if the Court was willing to follow it.
24             THE COURT:  Right.  And I will -- in my entire career
25   over 20 years, I've only rejected three plea offers in that

1  time out of probably thousands.  And so on the federal bench,
2  I've not rejected a plea agreement.  So that's not my -- I
3  think it's the parties' case and if the parties agree to it
4  then I don't have any problem with it.
5          MS. KANOF:  Could I tell the Court that the government
6  really appreciates the Court trusting the judgment of the
7  government in a plea agreement.
8          THE COURT:  It's your case, so I don't -- I don't get
9  involved in that.  When I trust the government, which I'm not
10 sure there's a lawyer in your office that I don't trust, but
11 when I know that the parties are dealing fairly at arms length,
12 I don't think there's any roll for the Court there.
13         MS. KANOF:  Especially in this case when we are
14 dealing with a Fifth Circuit appointed federal public defender
15 herself.  I'm honored to be on the other side of the case with
16 her.
17         THE COURT:  Yeah.  So, if there's any concern about
18 that, don't be concerned about that.
19         MS. KANOF:  Okay.
20         MS. FRANCO:  Thank you, Your Honor.
21         THE COURT:  If you-all reach an agreement, that's the
22 agreement and there's not going to be any surprises from the
23 Court.
24         MS. FRANCO:  Okay.
25         MS. KANOF:  Yes, Your Honor, in light of that, I --

KATHLEEN A. SUPNET, CSR

1  perhaps the Court should set some parameters, some time
2  parameters, because the third prong is if he rejects that plea
3  agreement within a certain period of time, it would --
4              THE COURT:  Well, you have the written document.
5  Ms. Arreola is going to go up the chain -- I don't know that
6  means exactly -- to San Antonio.  How long do you anticipate a
7  response coming back would be?
8              MS. ARREOLA:  By tomorrow, Your Honor.
9              THE COURT:  Oh, well.  Okay.
10             Another week, would -- do you think we could be back
11 here, let's say, next Wednesday and have a final response?
12             MS. KANOF:  Your Honor, next Wednesday is Pope day.
13             THE COURT:  Oh, that's right.  Thank you, Ms. Kanof.
14             MS. FRANCO:  Maybe by Friday, Your Honor, of next
15 week.
16             THE COURT: Friday?  Okay.  So we'll set it next
17 Friday.  At that point, Mr. Delgado can decide yay or nay,
18 although I am very amenable to the plea agreements.  If it goes
19 beyond that, then you know it's -- I'm just a regular judge
20 like everybody else.
21             MS. KANOF:  Regardless of that plea date, Your Honor,
22 could we also have a sentencing date?
23             THE COURT:  We'll do that.
24             Okay.  Mr. Luevano, is there anything else you have to
25 do?  You've already prepared it, maybe make some adjustments,

1   and I heard Ms. Kanof say you've done that already.  Can we set
2   the plea date next Friday?
3                MS. KANOF:  That's what I would prefer.
4                PROBATION OFFICER LUEVANO:  Yes, Judge --
5                MS. FRANCO:  Well, Your Honor, we're --
6                PROBATION OFFICER LUEVANO:  -- because that's
7   basically the new case, Judge.  The other one is just pending
8   the resentencing, so...
9                THE COURT:  And we'll set it that day.
10               MS. FRANCO:  Well, we're not going to be ready --
11  we're not going to be ready by next Friday.
12               THE COURT:  For sentencing?
13               MS. FRANCO:  No.  I mean because we have been
14  concentrating on --
15               THE COURT:  Oh, you weren't the lawyers.
16               MS. FRANCO:  No.
17               THE COURT:  That's right.  Okay.
18               MS. FRANCO:  We got the case when it came back on the
19  remand, so I mean --
20               THE COURT:  How long do you need to get ready for
21  this?
22               MS. FRANCO:  Well, you know, our intention was to have
23  this be wrapped up with the other case.  So if the other case
24  pleads out --
25               THE COURT:  And if that happens next Friday, then you

1   know there's not an issue.
2           MS. FRANCO:  Right.
3           THE COURT:  But let's say next Friday Mr. Delgado
4   decides he wants to have his trial.  So then how much time do
5   you -- because I want to do the sentencing before the next
6   trial.
7           MS. FRANCO:  Okay.  Because what I would ask the Court
8   to consider is doing the sentencing after the next trial.
9           THE COURT:  I'm not going to do that.
10          MS. FRANCO:  Then I mean we go do it right before the
11  beginning of that trial then.
12          THE COURT:  And we're scheduled for March --
13          MS. FRANCO:  21st.
14          THE COURT:  21st?  Okay.
15          Maybe a couple of weeks out.  Greg, what would that
16  be?
17          COURTROOM DEPUTY DUEÑAS:  The 7th, we've got a civil
18  trial on Montwood Properties versus Residential.
19          THE COURT:  That's to the bench and I figure maybe a
20  day, maybe a day and a half.  So that week would be a good
21  time.
22          COURTROOM DEPUTY DUEÑAS:  Wednesday, March 9th.
23          MS. FRANCO:  Okay.
24          THE COURT:  Wednesday, March 9th.
25          MS. FRANCO:  Well, I'd rather do the end of March, but

1  I understand the Court's position.
2           THE COURT: And so if Mr. Delgado, prior to Friday,
3  decides he wants to accept that, if you'd let us know, can we
4  just do the plea and the sentencing -- well, I guess we can
5  just sentence him altogether.
6           Well, why wouldn't I sentence him then? If it's
7  11(c)1(C) and I'm accepting that, binding that, do we need to
8  go through the --
9           MS. KANOF: So, Your Honor, it would be a single plea
10 agreement, because like I said, I already have it typed up.
11 It's a single plea agreement has both cause numbers on it. The
12 plea agreement mentioned, you know, separately lays out the
13 sentence for each one of the cases and that's 11(c)1(C), so you
14 would basically -- in the best interest of everything, it would
15 be to sentencing.
16          THE COURT: Right. And I'm just worried about that
17 provision that says the defendant has a right to a presentence
18 report prior to sentencing, so I guess he would have to waive
19 his presentence report so we could do it on Friday?
20          MS. FRANCO: Right. And then the Court would have to
21 at he had sufficient evidence or sufficient facts to determine
22 a sentence.
23          THE COURT: Right.
24          MS. KANOF: In addition to that, Your Honor, there is
25 fairly sophisticated restitution issues. So what I would

1  recommend is to take the plea on Friday.
2          THE COURT:  Okay.
3          MS. KANOF:  And then set the sentencing off, but go
4  ahead and sentence on the 2012 case.
5          THE COURT:  On Friday?
6          MS. KANOF:  So next Friday we can sentence on the
7  2012, accept the plea agreement, and you can take the plea on
8  the 2013 case and then set the sentencing off.
9          THE COURT:  Okay.  And if you-all agree to it, I'm
10 following that plea agreement.
11         MS. FRANCO:  Okay.  I understand.
12         But if we don't agree then obviously the sentencing
13 will be on March 9th.
14         THE COURT:  Yeah.  There's no plea on Friday.  There's
15 no sentencing until the 9th; is that what you said Greg?
16         COURTROOM DEPUTY DUEÑAS:  Yes, Jude, March 9th.
17         THE COURT:  There's no sentencing until the 9th and
18 then trial on the 21st.
19         MS. FRANCO:  Gotcha.
20         THE COURT:  All right.  Let me see.  I think that was
21 everything you had in your motion.  Anything else, either side,
22 that we need to take up?
23         MS. KANOF:  There's nothing further from the
24 government, Your Honor.
25         MS. FRANCO:  May I just a moment, Your Honor?

```
1              THE COURT:  Yes, ma'am.
2              MS. FRANCO:  Nothing further, Your Honor.
3              THE COURT:  All right.  We are your adjourned.
4              COURT SECURITY OFFICER:  All rise.
5              (Proceedings conclude.)
6                              * * *
```

KATHLEEN A. SUPNET, CSR

```
1                          * * * * *
2          I certify that the foregoing is a correct transcript
3    from the record of proceedings in the above-entitled matter.  I
4    further certify that the transcript fees and format comply with
5    those prescribed by the Court and the Judicial Conference of
6    the United States.
7    Signature:/S/KATHLEEN A. SUPNET            September 7, 2018
              Kathleen A. Supnet, CSR           Date
```